An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

COUNTY OF CLARK, NEVADA; AND MARK W. SCHOFIELD, IN HIS CAPACITY AS CLARK COUNTY ASSESSOR,
Appellants,
vs.
D.R. HORTON, INC., A DELAWARE CORPORATION AUTHORIZED TO TRANSACT BUSINESS IN NEVADA; AND EDGE-STAR PARTNERS, LLC, A NEVADA LIMITED LIABILITY COMPANY,
Respondents.

No. 60013

FILED

JUL 08 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order granting a petition for judicial review of a tax commission decision. At issue is whether the Nevada Tax Commission's denial of the instant petitions for reconsideration is subject to judicial review.

Respondents D.R. Horton, Inc., and Edge-Star Partners, LLC, (collectively, Taxpayers) are the owners of certain parcels of property located within Clark County, Nevada. Appellants Clark County and Mark Schofield, in his official capacity as the Clark County Assessor, (collectively, Clark County) billed the Taxpayers for property taxes on their respective properties, and Taxpayers paid these taxes without protest.

SUPREME COURT
OF
NEVADA

(O) 1947A

13-19807

Subsequently, the Legislature amended NRS 361.4734, a statute which provides for an aggrieved taxpayer to appeal a property tax abatement decision. The amendment imposes time limitations on appeals, requiring taxpayers to submit petitions for review "on or before June 30 of the fiscal year for which the determination is effective." *See* NRS 361.4734(1)(a).

Thereafter, Taxpayers petitioned the Clark County Assessor for review of their tax abatements. Clark County denied both petitions as untimely, based on the amended version of NRS 361.4734. Taxpayers appealed to the Nevada Tax Commission (NTC), which upheld the denial of the petitions. Taxpayers requested reconsideration and asked the Director of the Department of Taxation (Department) to stay enforcement of the NTC decisions pending a ruling on the reconsideration petitions. The stays we re granted unde r NAC 360.185(4) "unt il the Commission takes action on the [Taxpayers' requests] for reconsideration." Following a hearing on the matters, the NTC denied reconsideration, and Taxpayers petitioned for judicial review. The district court consolidated and granted the petitions. Clark County now presents this appeal.

Agencies, such as the NTC, have the authority "to interpret the language of a statute that they are charged with administering; as long as that interpretation is reasonably consistent with the language of the statute, it is entitled to deference in the courts." *Int'l Game Tech. v. Second Judicial Dist. Court*, 122 Nev. 132, 157, 127 P.3d 1088, 1106 (2006). In reviewing the decision of an administrative agency, this court applies the same standard of review as that of the district court. *State, Dep't of Taxation v. Masco Builder*, 127 Nev. __, __, 265 P.3d 666, 669 (2011). This court reviews "questions of law de novo, and with regard to

factual issues, [it is] limited to determining whether the agency's decision is supported by substantial evidence." *Id.* "Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion." *Id.* at __, 265 P.3d at 670.

Clark County argues that the NTC's denials of the petitions for reconsideration are not subject to judicial review and the orders denying rehearing are not appealable. It asserts that the district court did not have jurisdiction over the NTC decisions after the 30-day period under NRS 233B.130(2)(c) had run, despite the pending petitions for reconsideration. It also argues that the Director did not have the power to stay the enforcement of the NTC's original decisions because NAC 360.185(4) does not authorize the Director to extend the period to appeal the decisions. Taxpayers argue that the stays they requested were authorized by NAC 360.185(4), and necessary because the NTC would not have sufficient time to consider petitions for reconsideration prior to the expiration of the 30-day deadline to seek judicial review. They assert that NTC decisions could not be considered final for purposes of NRS 233B.130(2)(c) until the NTC took action on their requests for reconsideration.

"Under NRS 233B.130(2)(c), a party has thirty days after service of the agency's final decision to petition the district court for judicial review." *Mikohn Gaming v. Espinosa*, 122 Nev. 593, 598, 137 P.3d 1150, 1154 (2006). Because this time limitation "is jurisdictional, a district court is divested of jurisdiction if the petition is not timely filed." *Id.*

Further, NAC 360.185 allows an aggrieved party to file a motion or petition for rehearing or reconsideration with the NTC within

15 days of service of the NTC's final decision. NAC 360.185(1). Additionally, if such a motion or petition is filed within the 15-day period but the NTC will not meet within this period, the Director may stay enforcement of the NTC's original decision until the NTC has a chance to decide on the motion. NAC 360.185(4).

Here, the NTC served the Taxpayers with its final decisions on November 24, 2009. Taxpayers then timely submitted their petitions for reconsideration to the NTC. *See* NRCP 233B.130; NAC 360.185. Taxpayers' petitions for reconsideration included requests pursuant to NAC 360.185(4) that the Director of the Department stay the enforcement of the NTC decisions until the NTC could consider their petitions. On January 4, 2010, the Director found that there was "good cause" to stay the enforcement of the NTC decisions because the NTC was "not scheduled to meet until January 25, 2010, [and] thereby not able to meet within the regulatory timeframe needed to reach a decision on the reconsideration in this matter." Accordingly, he stayed the decisions "until the Commission takes action on the [Taxpayers' requests] for reconsideration."

Again, the parties contest whether the Director of the Department had the authority to stay the enforcement of the decisions, which would essentially toll the timeframe to file the petition for judicial review under NRS 233B.130(2)(c). However, we need not reach that issue at this time because the petitions for reconsideration did not toll the time for seeking judicial review. Here, the Director did not issue the stay of the enforcement of the NTC decisions within 30 days after service of the NTC's final decisions. Because this 30-day time limitation is jurisdictional, the district court was divested of jurisdiction by the time the Director issued the "stay." *See* NRS 233B.130(2)(c); *Mikohn Gaming,*

122 Nev. at 598, 137 P.3d at 1154. Based on the foregoing, we conclude that the district court erred by granting the petition for judicial review. Accordingly, we

ORDER this matter REVERSED AND REMAND to the district court for proceedings consistent with this order.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:    Hon. James Todd Russell, District Judge
       Clark County District Attorney/Civil Division
       Kaempfer Crowell Renshaw Gronauer & Fiorentino
       Carson City Clerk